**COLE SCHOTZ P.C.**
Randi W. Kochman, Esq.
Michael N. Morea, Esq.
900 Third Avenue, 16th Floor
New York, NY 10022-4728
(212) 752-8000
Attorneys for Defendants GTS Holdings, Inc. and Empire International, Ltd. d/b/a EmpireCLS Worldwide Chauffeured Services

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN E. PIERRE, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GTS HOLDINGS, INC., EMPIRE INTERNATIONAL, LTD, EMPIRE CLS WORLDWIDE CHAUFFEURING SERVICES and any other related entities,<br><br>Defendants. | Civil Action No. 15-cv-143 (PAC) |

### DEFENDANTS' BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS, OR ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT

Of Counsel and On the Brief:
    Randi W. Kochman, Esq.
    Michael N. Morea, Esq.

On the Brief:
    Victoria Cioppettini, Esq.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 3

LEGAL ARGUMENT ...................................................................................................................... 6

    I.      PLAINTIFF'S NEW YORK STATE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE NEW JERSEY, NOT NEW YORK, LAW GOVERNS THIS DISPUTE ............................................................. 6

CONCLUSION ................................................................................................................................ 11

Case 1:15-cv-00143-PAC Document 251 Filed 04/16/15 Page 2 of 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.,
  2009 WL 3346674 (S.D.N.Y. Oct. 15, 2009) ........................................................................... 6

Arakelian v. Omnicare, Inc.,
  735 F.Supp.2d 22 (S.D.N.Y. 2010) ........................................................................................ 8

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................................................ 6

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................................................ 6

Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,
  448 F.3d 573 (2d Cir. 2006) .................................................................................................... 7

Bierer v. Glaze, Inc.,
  2006 WL 2882569 (E.D.N.Y. Oct. 6, 2006) ............................................................................ 8

Fin. One Pub. Co., Ltd. v. Lehman Bros. Special Fin., Inc.,
  414 F.3d 325 (2d Cir. 2005) .................................................................................................... 7

Klaxon v. Stentor Elec. Mfg. Co.,
  313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941) .............................................................. 7

Melia v. Zenhire, Inc.,
  42 Misc. 3d 1206(A) (Sup. Ct. Dec. 11, 2013) ....................................................................... 8

Robins v. Max Mara, U.S.A., Inc.,
  923 F.Supp. 460 (S.D.N.Y. 1996) ....................................................................................... 6, 7

In re U.S. Foodservice, Inc. Pricing Lit.,
  729 F.3d 108 (2d Cir. 2013) .................................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 6

Fed. R. Civ. P. 56(c) ....................................................................................................................... 6

**PRELIMINARY STATEMENT**

Defendant Empire International, Ltd. d/b/a EmpireCLS Worldwide Chauffeured Services ("EmpireCLS") is engaged in the business of providing luxury transportation services and operates out of corporate headquarters located in Secaucus, New Jersey. EmpireCLS is a wholly owned subsidiary of Defendant GTS Holdings, Inc. ("GTS" together with EmpireCLS, the "EmpireCLS Parties"). Plaintiff, Jean E. Pierre ("Plaintiff"), asserts claims, individually and on behalf of a purported class, against the EmpireCLS Parties for various alleged statutory wage related violations under New York, New Jersey, and federal law relating to his former employment with EmpireCLS. Plaintiff's New York law claims should be dismissed because only one state's law can apply to his claims: New Jersey. New York's choice-of-law framework requires this Court to apply New Jersey wage-and-hour law to Plaintiff's claims because New Jersey maintains the greater interest in this dispute and in governing the actions of New Jersey employers. Accordingly, Plaintiff has failed to state any viable causes of action against the EmpireCLS Parties under New York law, requiring the dismissal of Counts 3, 4, 5, 6, and 7 of his Amended Complaint as a matter of law and with prejudice.

The EmpireCLS Parties' principal place of business is located in Secaucus, New Jersey. EmpireCLS maintains its corporate offices and vehicles in New Jersey and handles all business activities in that state. The EmpireCLS Parties do not have any offices or locations in New York. Rather, EmpireCLS maintains and dispatches its chauffeured vehicles from its Secaucus location. In fact, during his employment with EmpireCLS, Plaintiff consistently reported to Secaucus, New Jersey <u>every day</u> to pick up and drop off his chauffeured vehicle, prepare vehicles for services, and to pick up supplies. On some days, Plaintiff would even return to Secaucus, New Jersey in the middle of his shift to switch vehicles. Furthermore, EmpireCLS issues its payroll from New Jersey and is subject to the jurisdiction of the New Jersey

Department of Labor.  Accordingly, EmpireCLS is a New Jersey employer subject to New Jersey wage-and-hour laws, not New York's laws.

In his complaint, in an attempt to subject EmpireCLS to the New York Labor Law (rather than New Jersey's laws), Plaintiff seemingly relies upon the fact that Plaintiff is a New York resident, drove clients within the borders of New York (as well as New Jersey), and that EmpireCLS maintains a New York City Taxi and Limousine Commission license.  These limited ties to New York, however, do not outweigh the much stronger ties New Jersey has to the EmpireCLS Parties, the underlying employment relationship, and this dispute.

If somehow Plaintiff's theory were accepted that both states' laws applied to his employment, it would require EmpireCLS (and all other employers), to monitor the exact movements over state lines by its employees as well as track the exact amount of time each individual spends in every state.  In the limousine business, drivers routinely cross state lines in the Tri-State area throughout any given work day.  Having employees subject to different state wage-and-hour laws throughout the day is impractical and contrary to governing legal principles.  To the extent Plaintiff maintains any viable wage-and-hour related claims (which the EmpireCLS Parties deny), those claims would only be subject to New Jersey law.

Under New York's choice of law rules, because New Jersey (rather than New York) state law governs Plaintiff's asserted claims, the Court respectfully should grant the EmpireCLS Parties' motion to dismiss or grant summary judgment as to Counts 3, 4, 5, 6, and 7 of Plaintiff's Amended Complaint, all of which assert claims under New York law, with prejudice.

## STATEMENT OF FACTS

Plaintiff was employed by EmpireCLS from approximately 2001 through July 2014. (Am. Complaint at ¶ 26). GTS is a Delaware corporation with a principal place of business in Secaucus, New Jersey. (Certification of Edward Martinez (the "Martinez Cert.") at ¶ 2). EmpireCLS is a New Jersey corporation headquartered at 225 Meadowlands Parkway, Secaucus, New Jersey. (Id. at ¶ 3).

EmpireCLS provides luxury chauffeured limousine services throughout the New York Metropolitan area, in New Jersey, New York, Connecticut, and Pennsylvania. (Am. Complaint at ¶¶ 10, 12-13; Martinez Cert. at ¶ 5). EmpireCLS maintains its corporate vehicles and operations in Secaucus, New Jersey and dispatches its chauffeured drivers from Secaucus. (Martinez Cert. at ¶ 6). EmpireCLS stores its corporate vehicle in Secaucus, New Jersey, where it prepares the cars for service, cleans the vehicles, and performs maintenance and service on the vehicles. (Id. at ¶ 7). Drivers pick up supplies necessary for EmpireCLS's chauffeuring services in Secaucus, such as newspapers, magazines, water, and ice. (Id. at ¶ 8). EmpireCLS issues its payroll from New Jersey and it handles employment-related matters, finance, sales, marketing, and all other business activities in New Jersey. (Id. at ¶ 9). EmpireCLS's employment practices are subject to review by the New Jersey Department of Labor. (Id. at ¶ 10). In fact, during a recent audit, the New Jersey Department of Labor approved nearly all of EmpireCLS's employment practices and procedures. (Id.). EmpireCLS does not have any offices or locations in New York. (Id. at ¶ 11).

Throughout his employment, Plaintiff provided luxury transportation services for EmpireCLS customers traveling primarily in and between New Jersey and New York, and sometimes in Connecticut. (Id. at ¶ 12). While an EmpireCLS employee, Plaintiff reported to Secaucus, New Jersey every day to pick up vehicles to perform his chauffeuring services. (Id. at

11697242v2

3

¶ 13).  Plaintiff maintained a locker in Secaucus, where he stored personal items, such as keys to his personal vehicle, while performing chauffeuring services.  (Id. at ¶ 14).  Plaintiff would also return to Secaucus, New Jersey each day to drop off company vehicles to EmpireCLS and pick up his personal belongings and car.  (Id. at ¶ 15).  Throughout any given day, Plaintiff would likely travel in and between New Jersey and New York, and sometimes Connecticut, to provide chauffeuring services on behalf of EmpireCLS.  (Id. at ¶ 16, Exhibit A).  On some occasions, Plaintiff would return to Secaucus, New Jersey during the middle of his work day to switch vehicles.  (Id. at ¶ 17).

For example, according to EmpireCLS's regularly maintained business records, on January 22, 2013, Plaintiff reported to Secaucus, New Jersey for work.  He selected an EmpireCLS sedan, drove to Newark airport to pick up a customer, and dropped that customer off in New York City.  (Id. at ¶ 17).  Thereafter, he picked up another customer in New York City, and then chauffeured that customer to Newark airport.  (Id.).  After that, Plaintiff returned to Secaucus, New Jersey to switch his sedan for a six passenger limousine, then picked up customers in New York City, and chauffeured those customers to John F. Kennedy airport.  (Id.).  At the end of his shift, Plaintiff returned to Secaucus, New Jersey to drop off EmpireCLS's limousine and collect his personal items, including his personal vehicle.  (Id.).  Similarly, in prior years of Plaintiff's employment with EmpireCLS, he also frequently traveled in and between New Jersey and New York to pick up and drop off various EmpireCLS customers, even switching vehicles in the middle of his shift, which required him to return to Secaucus, New Jersey.  (Id. at ¶¶ 19-21).

On December 3, 2014, Plaintiff filed an action on his behalf and on behalf of a purported class seeking damages for alleged violations of both New Jersey and New York wage-and-hour

11697242v2

4

laws stemming from his former employment with EmpireCLS.  (Docket No.1, Notice of Removal, Exhibit A).  The EmpireCLS Parties removed Plaintiff's action to this Court by notice dated January 7, 2015.  (Docket No. 1, Notice of Removal).  During an initial pre-trial conference with the Court on March 26, 2015, the Court allowed Plaintiff to file an Amended Complaint and also granted the EmpireCLS Parties permission to file a motion to dismiss Plaintiff's New York state claims based on governing choice-of-law principles.  (Docket No. 15). Thereafter, Plaintiff filed an Amended Complaint adding claims for alleged violations of the federal Fair Labor Standards Act.  (A copy of Plaintiff's Amended Complaint is attached to the Certification of Michael N. Morea, Esq. (the "Morea Cert.") as **Exhibit A**).

Consequently, EmpireCLS now brings this motion seeking dismissal of Counts 3, 4, 5, 6, and 7 of Plaintiff's Amended Complaint because those causes of action fail to state a claim upon which relief may be granted, or alternatively, for partial summary judgment.

## LEGAL ARGUMENT

### I. PLAINTIFF'S NEW YORK STATE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE NEW JERSEY, NOT NEW YORK, LAW GOVERNS THIS DISPUTE.

To survive a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6), a plaintiff must present "enough facts to state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A court has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources." Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc., 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009)[1] (quoting Nwaokocha v. Sadowski, 369 F.Supp.2d 362, 372 (E.D.N.Y. 2005)). Summary judgment is appropriate where "there is no genuine issue as to any material fact that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Here, Plaintiff has failed to state viable causes of action under New York law because New Jersey law governs Plaintiff's claims. Because allowing Plaintiff to amend his complaint (again) would be futile as this deficiency cannot be cured, the Court should respectfully dismiss Count 3, 4, 5, 6, and 7 of Plaintiff's Amended Complaint with prejudice. Alternatively, no genuine issue of material fact exists regarding the application of New Jersey law to Plaintiff's wage based claims, requiring dismissal of his New York law claims as a matter of law.

"When a federal court sitting in diversity faces conflicting laws, it may apply only one of the laws, and must choose between them according to the choice of law principles of the state in which it sits." Robins v. Max Mara, U.S.A., Inc., 923 F.Supp. 460, 464 (S.D.N.Y. 1996); see

---

[1] A copy of this unpublished decision is attached the Morea Cert. as **Exhibit B**.

also Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941); Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 582 (2d Cir. 2006). Because Plaintiff has asserted wage-and-hour related claims under both New York and New Jersey state laws, which contain conflicting requirements, this Court must determine which law applies under New York's choice-of-law analysis.[2]

New York courts employ two different choice-of-law tests. Fin. One Pub. Co., Ltd. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 336 (2d Cir. 2005). For tort claims, New York applies the law of the jurisdiction with the "greater interest" in the dispute. Robins, 923 F.Supp. at 465. Under that test, the court must determine which state has the greater concern in adjudicating the specific issues based on the relationship of the occurrence or the parties to each state. Id. For contract claims, New York courts apply the "grouping of contacts" test. Id. That test requires the court to weigh relevant factors such as "the place of contracting, negotiation, and performance; location of the subject matter of the contract; and the domicile of the contracting parties" to determine what law applies to the asserted claims. Beth Israel, 448 F.3d at 583 (quotations omitted). The law of the state with the most significant contacts will be applied. Id.

Although it has not been definitively established which choice-of-law framework applies to statutory wage-and-hour claims, at least one New York state and several federal courts -- including this Court -- have employed the "greater interest" test in determining choice of law issues involving statutory or common law employment related claims. Robins, 923 F.Supp. at

---

[2] In addition, a class action cannot be sustained under the laws of multiple states as asserted by Plaintiff, further warranting dismissal of the claims asserted under New York law here. See In re U.S. Foodservice, Inc. Pricing Lit., 729 F.3d 108, 126 (2d Cir. 2013) (recognizing that "putative class actions involving the laws of multiple states are often not properly certified pursuant to Rule 23(b)(3) because variation in the legal issues to be addressed overwhelms the issues common to the class").

465 (Judge Scheindlin determined New York had greater interest over New Jersey in employment discrimination claim where the employer's principal place of business was New York, alleged discriminatory acts and practices occurred in New York, but the plaintiff resided in New Jersey); see also Arakelian v. Omnicare, Inc., 735 F.Supp.2d 22, 37-38 (S.D.N.Y. 2010) (Your Honor rejected application of Maryland law to wage violation claims because the plaintiff only briefly worked in Maryland, her primary place of performance was Virginia, and her employer was a resident of Virginia); Bierer v. Glaze, Inc., 2006 WL 2882569, at *7-8 (E.D.N.Y. Oct. 6, 2006) (court determined New York's labor law applied where the New York resident employee conducted business on behalf of his employer from a home office maintained in part by his employer in New York); Melia v. Zenhire, Inc., 42 Misc. 3d 1206(A), at *4-5 (Sup. Ct. Dec. 11, 2013) (applying tort choice-of-law analysis to determine whether Massachusetts or New York law applied to wage violation claims).[3]

Under the "greater interest" choice-of-law analysis, New Jersey has the greater interest in adjudicating plaintiff's wage violation claims. The following facts demonstrate New Jersey's greater interest in EmpireCLS's general business operations and the specific employment dispute before this Court:

- GTS maintains its principal place of business in Secaucus, New Jersey
- EmpireCLS is a New Jersey corporation headquartered at 225 Meadowlands Parkway, Secaucus, New Jersey
- EmpireCLS provides luxury chauffeured limousine services in New Jersey
- EmpireCLS maintains its corporate vehicles and operations in Secaucus, New Jersey
- EmpireCLS dispatches its chauffeured drivers from Secaucus, New Jersey

---

[3] Copies of these unpublished decisions are attached to the Morea Cert. as **Exhibits C** and **D** respectively.

11697242v2

8

- EmpireCLS stores its corporate vehicles in Secaucus, New Jersey

- EmpireCLS and its employees prepare cars for service, clean the vehicles, and perform maintenance and service on the vehicles in Secaucus, New Jersey

- Drivers pick up supplies necessary for EmpireCLS's chauffeuring services in Secaucus, such as newspapers, magazines, water, and ice

- EmpireCLS issues its payroll from New Jersey

- EmpireCLS handles employment-related matters, finance, sales, marketing, and all other business activities in New Jersey

- EmpireCLS's employment practices are subject to review by the New Jersey Department of Labor

- A recent New Jersey Department of Labor audit approved nearly all of EmpireCLS's employment practices and procedures

- Plaintiff provided luxury transportation services for EmpireCLS customers traveling in New Jersey

- Plaintiff reported to Secaucus, New Jersey every day to pick up and drop off vehicles to perform his chauffeuring services for EmpireCLS

- Plaintiff maintained a locker in Secaucus, New Jersey where he stored personal items, such as keys to his personal vehicle, while performing chauffeuring services

- Plaintiff often returned to New Jersey in middle of his work shift to switch vehicles for chauffeuring services

On the other hand, the only connection to New York alleged by Plaintiff is that he is a New York resident and that "upon information and belief" EmpireCLS possesses a license to perform limousine and taxi services within New York City. (Am. Complaint at ¶¶ 9, 14). Such limited contacts with the State of New York, however, pale in comparison to the significant interest New Jersey has in regulating the conduct of its employers and this particular employment related dispute.

Even if the "grouping of contacts" choice-of-law analysis applied, New Jersey law would still govern Plaintiff's claims. Here, as outlined above, New Jersey is the place of the

contracting, negotiation, and performance of Plaintiff's former employment services for EmpireCLS. (Martinez Cert. at ¶¶ 6-20). New Jersey is also the location of the subject matter of the chauffeuring services at issue, the vehicles, and EmpireCLS is based in New Jersey. (Id.). By contrast, Plaintiff claims only that he is a resident of New York and that EmprieCLS maintains a taxi license in New York City. (Am. Complaint at ¶¶ 9, 14). Because New Jersey maintains the most significant contacts here, the grouping of contacts test also requires application of New Jersey law to this matter.

If the Court accepted Plaintiff's argument that both New Jersey and New York wage-and-hour laws applied to EmpireCLS's employees, the result would be unworkable and unpredictable, and this is simply not the law. By requiring employers to track and monitor each employee's exact movements over states lines – especially involving transportation services like those provided by EmpireCLS – employers would need to calculate compensation and other benefits on a minute-to-minute and hour-to-hour basis. Subjecting workers and employers to different state wage-and-hour laws in this manner violates applicable choice-of-law principles and is simply impractical.

As a result, New Jersey law applies to Plaintiff's allegations of wage based statutory violations, requiring the dismissal of Counts 3, 4, 5, 6, and 7 of Plaintiff's Amended Complaint asserting causes of action under conflicting New York law. The Court should therefore grant the EmpireCLS Parties' motion dismiss those causes of action as failing to state any viable claim. Because any further amendment of Plaintiff's complaint would be futile as these deficiencies cannot be cured through the assertion of additional factual allegations, these claims should be dismissed with prejudice. Alternatively, summary judgment is appropriate as to those claims

because there is no genuine issue of material fact regarding the application of New Jersey law to Plaintiff's wage violation allegations.

## CONCLUSION

Because New Jersey enjoys a vastly greater interest in adjudicating this dispute, New Jersey law (rather than New York law) applies to Plaintiff's claims. EmpireCLS's business operations are located in New Jersey, its chauffeuring services eminent from Secaucus, New Jersey, and Plaintiff traveled to New Jersey every day to perform his job responsibilities, most notably, to pick up and drop off his work vehicle while employed by EmpireCLS. EmpireCLS is a New Jersey company subject to New Jersey statutory employment related requirements. Plaintiff's claims relating to his former employment with EmpireCLS, therefore, must be governed by New Jersey law. Accordingly, Counts 3, 4, 5, 6, and 7 of Plaintiff's Amended Complaint alleging violations under New York state law cannot be sustained as a matter of law. EmpireCLS thus respectfully requests the Court dismiss those causes of action with prejudice.

                                                Respectfully submitted,

                                                COLE SCHOTZ P.C.

                                                By:  _/s/ Randi W. Kochman_____
                                                         Randi W. Kochman
                                                         Michael N. Morea
                                                        900 Third Avenue, 16th Floor
                                                        New York, NY 10022-4728
                                                        (212) 752-8000
                                                        *Attorneys for Defendants, GTS*
                                                        *Holdings, Inc. and Empire*
                                                        *International, Ltd. d/b/a EmpireCLS*
                                                        *Worldwide Chauffeured Services*

DATED: April 15, 2015

11697242v2